IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

IN RE: LIVING HOPE SOUTHWEST        CASE NO. 4:06-BK-71484
      MEDICAL SERVICES, LLC, DEBTOR       CHAPTER 7

RENEE S. WILLIAMS, TRUSTEE         PLAINTIFF

V.         AP NO. 4:09-AP-07023

LIVING HOPE SOUTHEAST, LLC         DEFENDANT

<u>MEMORANDUM OPINION</u>

Before the court are a *Motion for Imposition of Rule 9011 Sanctions Against David Kimbro Stephens* ("Motion") filed by Renee Williams, Trustee ("Trustee"); a related *Application for Allowance of Compensation and Reimbursement of Expenses of Attorneys for Trustee* ("Application") filed by the Trustee's attorneys; and a *Respon*se *Combined with Brief in Support to Application for Allowance and Reimbursement of Expenses of Attorneys* ("Response") filed by Kimbro Stephens.

## I. BACKGROUND

The procedural posture of the instant adversary proceeding is that prior to the commencement of a trial on the merits on January 15, 2013, Stephens, an attorney, filed a *pro se* motion to intervene, which was denied. The trial proceeded to conclusion; the bankruptcy court ultimately granted judgment to the Trustee against Defendant Living Hope Southeast, LLC but denied the Trustee's claim for a constructive trust. The bankruptcy court's decision is currently

1

on appeal before the United States District Court for the Western District of Arkansas. Stephens has appealed the bankruptcy court's denial of his motion to intervene.

Subsequent to the trial and with the appeal still pending, Stephens, again *pro se*, filed a *Motion for Relief from Judgment* and brief in support in the adversary proceeding on January 17, 2014, as docket entries 237 and 241. In seeking relief from the judgment, Stephens relied on Federal Rule of Civil Procedure 60(b) and (d), made applicable in bankruptcy through Federal Rule of Bankruptcy Procedure 9024. As a basis for relief from the judgment, Stephens alleged that Thomas Streetman, the Trustee's counsel during the trial, colluded with opposing counsel and committed a fraud on the court. By order entered April 9, 2014, the court denied the *Motion for Relief from Judgment.*

Stephens' *Motion for Relief from Judgment* and brief in support prompted the Trustee's Motion. In her Motion, the Trustee asserted that Stephens violated Federal Rule of Bankruptcy Procedure 9011 by making numerous false allegations regarding her attorney in the two documents at issue. After conducting a hearing on April 2 and 3, 2014, the court granted the Trustee's Motion and directed Streetman to provide the court with an accounting of attorneys' fees incurred. The court reserved entry of a final order concerning the Motion until consideration of the resulting fee application. The Application was filed, and Stephens then filed his Response.

## II. JURISDICTION

This court has jurisdiction over the matters before it pursuant to 28 U.S.C. §§ 1334 and 157. This is a core proceeding in accordance with 28 U.S.C. § 157 (b)(2)(A).

## III. DISCUSSION

At the conclusion of the hearing on the Motion, the court made specific findings of fact

2

and conclusions of law that Stephens' claims and legal contentions were not warranted by existing law and his allegations against Streetman lacked sufficient evidentiary support as required by Federal Rule of Bankruptcy Procedure 9011(b)(2) and (3). In particular, the court found no basis in fact for Stephens' allegation that Streetman committed a fraud on the court. Pursuant to Federal Rule of Bankruptcy Procedure 7052, the court stated its findings of fact and conclusions of law on the record at the hearing on April 3, 2014, and those findings and conclusions are incorporated herein by reference.

Having found that Stephens violated Rule 9011(b), the court next utilizes the rule to determine whether to award attorneys' fees and impose sanctions. Rule 9011 contains two references to attorney's fees and costs – subsections (c)(1)(A) and (c)(2). First, Rule 9011(c)(1)(A) provides that if, as here, the court rules that Rule 9011(b) has been violated, the court may award the prevailing party its reasonable expenses and attorney's fees incurred in presenting its motion for sanctions, if warranted. FED. R. BANKR. P. 9011(c)(1)(A); Cox v. Swiss-American, Inc. (In re Affiliated Foods Southwest, Inc.), 472 B.R. 538, 550 (Bankr. E.D. Ark. 2012) (awarding attorney's fees to prevailing party who successfully opposed a motion for Rule 9011 sanctions).

"A fee award under [Rule 9011](c)(1)(A) is not a sanction" and may be awarded to the prevailing party regardless of whether that party presented or opposed the motion for sanctions. Id. (quoting Emp't Opp. Comm'n v. Tandem Computers, Inc., 158 F.R.D. 224, 229 (D. Mass. 1994)).

Second, Rule 9011(c)(2) contains a separate reference to attorney's fees in the context of sanctions. A court may award attorney's fees as a sanction if these elements are satisfied: a

3

motion for sanctions has been filed that conforms to Rule 9011(c)(1)(A); the sanction is warranted for effective deterrence; and the awarded expenses and fees were incurred as a direct result of the violation. <u>Swiss-American</u>, 472 B.R. at 550-51.

These two provisions serve different purposes. The first compensates the prevailing party, if warranted, for work expended in prosecuting or opposing a motion for sanctions – in this case, the Motion. The second is meant as a deterrent and is limited to the fees and expenses incurred as a result of the offending pleading – in the instant case, Stephens' *Motion for Relief from Judgment* and brief in support.

Pursuant to Rule 9011(c)(1)(A), the Trustee, who prevailed in prosecuting her Motion, may be awarded reasonable expenses and attorneys' fees that she incurred, if warranted. Her attorneys have applied for fees and expenses of $19,813.00 at an hourly rate of $350 for Streetman and $240 for Robert Gibson.

Stephens objects to the fees on the basis that the Motion was brought "at the behest" of Streetman and Gibson to refute the allegations against Streetman personally, not the Trustee. Thus, Stephens argues, Streetman and Gibson were acting *pro se* such that the fees generated were not "incurred" by a client as required by Rule 9011(c)(2). Case authority holds that attorneys' fees cannot be awarded to lawyers appearing *pro se* if the purpose is to sanction pursuant to Rule 9011(c)(2). <u>Massengale v. Ray</u>, 267 F.3d 1298, 1302-05 (11th Cir. 2001) (reasoning that an attorney who represents himself does not "incur" legal fees as a cost or expense).

However, attorneys' fees for prevailing on a motion for sanctions are available in accordance with Rule 9011(c)(1)(A), not (c)(2) as Stephens argues. While the court has applied

4

the reasoning in Massengale in denying fee awards to *pro se* lawyers under Rule 9011(c)(1)(A),

see Swiss-American, 472 B.R. at 559,  the court declines to do so in this case since Streetman

and Gibson were not acting *pro se.* The Trustee is unquestionably the plaintiff in the underlying

adversary proceeding, and the Motion clearly names the Trustee as the movant.  Certainly, the

offending pleadings personally attacked Streetman and his law firm, as well as the attorney for

Southeast.  But unfounded allegations against the opposing party's counsel do not magically

transform an attorney into a party or a movant. The allegations against Streetman were intended

to support Stephens' attack on the judgment in favor of the Trustee and the denial of his motion

to intervene in litigation between the Trustee and Southeast.  Throughout the litigation, the

Trustee's attorneys have consistently served as representatives of the Trustee, never as interested

parties.

Proceeding under Rule 9011(c)(1)(A), the court turns to the question of whether the fees

requested in prosecuting the Motion are reasonable.  In the Eighth Circuit, the lodestar analysis is

used to decide whether attorney's fees are reasonable. Swiss-American, 472 B.R. at 557 (citing

In re Morrison, 231 B.R. 754, 758 (Bankr. W.D. Mo. 1999)). The formula involves multiplying

the number of hours reasonably expended in a case by the reasonable hourly rate. Id.

Stephens has not objected to the reasonableness of either attorney's hourly rate or number

of hours expended in prosecuting the Motion, and the court, having thoroughly examined and

considered the Application, has found no basis to conclude otherwise.  Both Streetman and

Gibson are experienced bankruptcy attorneys entitled to charge the hourly rates recited in the

application. The number of hours expended on prosecuting the Motion is a direct reflection of

Stephens' multiple allegations requiring extensive rebuttal and his recalcitrance in refusing to

5

recant when offered the "safe harbor" opportunity afforded by Rule 9011.

Stephens seeks a reduction in the award of attorneys' fees because he contends he is already sufficiently deterred from future violations even without sanctions. He supports this contention by noting (1) that he refrained from appealing the court's order denying his *Motion for Relief from Judgment* and (2) that he requested expungement of the offending motion and briefs after the court ruled in favor of the Trustee on her Motion.   He also asks the court to consider his ability to pay a sanction in light of his ongoing Chapter 7 bankruptcy case.

This argument relates to fees awarded as sanctions and is inapplicable to fees and expenses incurred for presenting a motion for sanctions, which are governed by Rule 9011(c)(1)(A).  The court finds that the Trustee incurred $19,188.42 in reasonable attorneys' fees and expenses, that she was the prevailing party on the Motion, and that an award in that sum is warranted under the Rule.

Under Rule 9011(c)(2), the court may impose sanctions to deter repetition of the offending conduct.  These may include awarding of attorney's fees and expenses that have been incurred as a result of the offending pleading –  in the instant case, the *Motion for Relief from Judgment.*  Streetman and Gibson have submitted an application for $1,816.60 in fees incurred for responding to that motion.  Stephens objects to two items totaling $157.50 because one does not pertain to work resulting from the *Motion for Relief from Judgment* and the other was a fee to review the Trustee's own document. Accordingly, the court reduces the total to $1,659.10 as the proper amount of attorneys' fees and expenses incurred by responding to the *Motion for Relief from Judgment.*

Pursuant to Rule 9011,  the Trustee's Motion conforms to the dictates of Rule 9011(c)(1),

6

and $1,659.10 in attorneys' fees and expenses is an appropriate sanction to deter Stephens from repetition of the offending conduct. The Trustee has also sought the non-monetary sanction of prohibiting Stephens from practicing before this court. However, the court declines to impose this prohibition; the monetary sanction sufficiently serves the purpose of deterrence in this instance.

## IV. CONCLUSION

In summary, the Trustee is awarded $19,188.42 in attorneys' fees and expenses as the prevailing party on the Motion. As a sanction to deter repetition of Stephens' offending conduct, the Trustee is also awarded $1,659.10 in attorneys' fees and expenses incurred in defending the *Motion for Relief from Judgment* and brief in support.

IT IS SO ORDERED.

05/28/2014

_____

RICHARD D. TAYLOR
U.S. BANKRUPTCY JUDGE

Date_____

cc: David Kimbro Stephens, Esq.
    Renee Williams, Trustee
    Thomas S. Streetman, Esq.
    Robert Gibson, Esq.

7

8